O.pinior. of the Court, by
Cu. J. Boxee.
THIS was a bill with injunction, to stay proceedings.c, on a judgment of restitution, rendered in a proceeding for a forcible entry and detainer.
The bill in substance alleges, that one Scofield had purchased from Rose a tract of land of about two hundred a.cres, for which he held Rose’s bond, and endorsed it to the defendant, as a pledge or, security for $65; that the. rent of the land was of the value of $¡8ü per annum; that the defendant took possession of the land, aüd enjoyed the same for one year; that Scofield after-wards sold the tract .to the complainant; that their contract was reduced to writing, and in addition thereto, Scofield had given to the complainant a power of attorney to demand the land and the title, and to bring suit therefor; together with general authority to act upon the. subject, and that in yirtue thereof he entered *190 upon the land, and the defendant had recovered against him a judgment of restitution, in a proceeding for a forcible entry and detainer..
Decree of the circuit court.
Injunction to a judgment in forcible entry-may be dissolved without pica, answer or demurrer, tho’ the bill shows the compl’t entitled to a conveyance and surrender of possession. For the bill could not bp entertained to arrest the proceeding for the forcible entry.
A bill cannot be dismissed marely for want of parties, without answer, plea or demurrer,
Daniel, for plaintiff; Crittenden, for defendant..
The court below,, without plea, answer or demurrer, dissolved the injunction, and dismissed- the bill with costs and ten per centum damages upon the-eosls of the proceeding for the forcible entry.
Had the court stopped at the dissolution- of-the injunction, there would have been no error which would have-justified the interposition of this court; butin the stage in which the cause was, it was clearly erroneous to dismiss the bill; The complainant could- not, indeed, have justly complained uf even this irregularity, if the bill had contained na equity; but the bill most obviously contained’matter oí equity sufficient to entitle the complainant to the aid of a court of equity;not, it is true, to arrest the proceedings for the forcible entry, but to obtain a conveyance of the title oí Ibe-Jand, and a surrender of the possession».
For this purpose, Scofield and Rose were proper-parties, and the bill, no doubt, was defective., in not; having made them parties.
But the complainant had a right, before answer, to, amend his bill, by making them parlies, and the defect-was, therefore, not of a character which could justifyt--the dismission of the bid, as was done in this case, withj out plea, answer or demurrer..
The decree must be reversed with costs, and the-cause be remanded, that further proceedings may. hfe had, not inconsistent herewith.-,